IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:00-CR-176-1-F
No. 5:00-CR-176-3-F

| | | |
|---|---|---|
| RUHULLAH AS-SADIQ<br>DION THOMAS,<br>       Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>       Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <u>ORDER</u> |

This matter again is before the court. Dion Thomas ("Thomas") has filed at least ten prior motions[1] seeking some form of relief from the court's order [DE-127] of December 14, 2004, dismissing his 28 U.S.C. § 2255 motion [DE-123, 124] as untimely. Thomas also has appealed many prior orders without success.

Similarly, co-defendant, Ruhullah As-Sadiq ("As-Sadiq") has been seeking post-conviction relief from his conviction and sentence since October 2004. *See* [DE-117]. His § 2255 motion partially was denied by order of November 12, 2004 [DE-125], and ultimately was dismissed on January 6, 2009 [DE-181], along with a plethora of other motions filed in the interim. As-Sadiq has filed one post-§ 2255 motion [DE-183], which was denied. *See* [DE-184].

Motions currently pending in these cases are:

[DE-196]   Dion Thomas's Motion to Alter and Amend the May 24, 2010, order [DE-195];

[DE-198]   Thomas' and As-Sadiq's Joint Motion for Disclosure of Post-Trial Exculpatory Evidence;

---

[1]  *See* [DE-128, -132, -133, -134, -135, -139, -156, -166, -168, -194, -196].

[DE-199]    The Government's Motion to Dismiss Motion for Disclosure; and

[DE-200]    Thomas's and As-Sadiq's Motion for Hearing. They also have filed a Joint Response [DE-201] in Opposition to the Government's Motion to Dismiss

## I. Thomas's Motion to Alter and Amend [DE-196]

Thomas persistently has filed motions seeking relief from his conviction and sentence, and from the dismissal of his § 2255. He has given those motions various names including "Motion to Amend," and "Motion for Reconsideration," and states variously that his motions are made pursuant to Rule 60(b) and Rule 59(e). The court declines this opportunity again to review the procedural history of this case, except to note the Fourth Circuit's treatment of Thomas's appeals. It affirmed Thomas's conviction and sentence [DE-77] on direct appeal in *United States v. Thomas*, No. 05-6553 (4th Cir. Jan. 23, 2003) [DE-106]; this court's order [DE-144] dismissing Thomas's § 2255 motion as untimely "on the reasoning of the district court," *United States v. Thomas*, No. 05-6553 (March 14, 2006) [DE-159], *reh'g and reh'g en banc denied*, (June 1, 2006) [DE-162]; and this court's order [DE-169] denying Thomas's Motion to Alter and Amend Judgment [DE-168], *United States v. Thomas*, No. 07-7094 (Nov. 8, 2007) [DE-176] (dismissing appeal of "true 60(b) motion" upon a finding that Thomas failed to make the requisite showing for a certificate of appealability).

Thomas's latest motion [DE-196] in this series is his Motion to Alter and Amend the May 10, 2007, order pursuant to Rule 59(e), FED. R. CIV. P. Therein, he contends that he should receive the benefit of *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), a decision by the Ninth Circuit Court of Appeals that embraces the argument he contends he has made herein "all along" concerning the timeliness of his § 2255 motion.

The timeliness of Thomas's § 2255 motion is not an issue still open for debate. The Fourth Circuit Court of Appeals affirmed this court's ruling on the timeliness issue in *United*

*States v. Thomas*, No. 05-6553 (March 14, 2006) [DE-159], *reh'g and reh'g en banc denied*, (June 1, 2006) [DE-162]. The *Phelps* case has no application to the facts or the law in this case.

Moreover, dismissal of a § 2255 motion as untimely under the statute of limitations is a dismissal "on the merits." *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989); *see also Bottone v. United States*, 350 F.3d 59, 63 (2d Cir. 2003); *Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005); *cf. Pavlovsky v. VanNatta*, 431 F.3d 1063, 1065 (7th Cir. 2005) (first petition dismissed as untimely but *"without prejudice"* does not count as a first petition for rule concerning second or successive petition) (Posner, J). Motions or petitions seeking relief from conviction or sentence filed thereafter are "second or successive," and are barred absent certification by the circuit court of appeals under § 2255(h). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (holding that a prisoner may not circumvent this rule by titling his petition as something other than what it is, and the district court is responsible for classifying such a pleading according to its contents, not its caption).

For the foregoing reasons, Thomas's Motion to Alter and Amend [DE-196] is DENIED.

## II. Joint Motion for Disclosure of Post-Trial Exculpatory Evidence [DE-198] Motion to Dismiss [DE-199]

As-Sadiq and Thomas (collectively "petitioners") jointly have moved for an order directing the Government to disclose to them "any and all statements, whether written, recorded or otherwise of codefendant Marcus Jackson." [DE-198] at p. 1. They cite Local Criminal Rule 16.1(e) in support of their request, as it provides that " 'any duty of disclosure and discovery . . . is a continuing one.' " *Id.* at p. 2. Petitioners also cite *United States v. Agurs*, 427 U.S. 97 (1976) for the proposition that *Brady v. Maryland*, 383 U.S. 83 (1963), applies to require the Government to continue providing " 'discovery after trial, of information which had been known in the prosecution but unknown to the defense.' "

3

Petitioners' interpretation of *Agurs* and the local rules governing discovery misapprehend the law. The Supreme Court, in *District Attorney's Office for the Third Judicial Dist. v. Osborne*, ___U.S. ___, ___, 129 S. Ct. 2308, 2315 (2009), rejected the Ninth Circuit's conclusion that "the Due Process Clause requires that certain familiar preconviction trial rights be extended to protect [petitioner's] postconviction liberty interest." *Id.* at 2319. Specifically, the Court explained that *Brady* requires a prosecutor to disclose material exculpatory evidence to the defendant *before trial,* and nothing in the Court's precedents suggests that this disclosure obligation continues after a defendant is convicted and the case closed. *Id.* at 2319-20.

The Government here filed a Motion to Dismiss [DE-199] the Joint Motion for Disclosure, arguing that the petitioners, in reality, again are seeking to attack their convictions, and explaining that such an attack constitutes another second or successive § 2255 motions. The Government contends that, because the defendants both previously have filed motions "on Form AO 243 captioned Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, *Castro*[2] and *Emmanuel*[3] notice informing Petitioners that the Court intends to re-characterize the present motion as a second or successive § 2255 motion, a warning of the impact of such a recharacterization on second or successive § 2255 motions, and providing Petitioners an opportunity to withdraw or amend the motion is not required." [DE-199] at 6. Therefore, the Government contends, the Motion for Disclosure should be re-characterized as a second or successive § 2255 motion as to each petitioner, and summarily dismissed for petitioners' failure to obtain certification from the Fourth Circuit Court of Appeals that newly discovered evidence, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

---

[2] *Castro v. United States*, 540 U.S. 375, 383 (2003).

[3] *United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002).

reasonable fact finder would have found [them] guilty of the offense or asserts a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h).

While petitioners' motion undoubtedly seeks to obtain fodder for another successive § 2255 motion, the court finds it unnecessary to re-characterize it as such. Petitioners simply are not entitled to an order compelling the Government to produce un-redacted statements of their co-defendant to prove that "Jackson's role [in the College Heights Credit Union bank robbery], if any, contradicts the government's theory used to convict the petitioners." [DE-198] at p. 5. Petitioners' Joint Motion for Disclosure of Post-Trial Exculpatory Evidence [DE-198] is DENIED, and the Government's Motion to Dismiss [DE-199] is ALLOWED for the reasons stated therein.

### III. Petitioners' Motion for Hearing [DE-200]

In light of the court's rulings herein on petitioners' Joint Motion for Disclosure of Post-Trial Exculpatory Evidence [DE-198], and the Government's Motion to Dismiss [DE-199], their motion seeking an evidentiary hearing on their Motion for Disclosure [DE-200] is DENIED as MOOT.

### SUMMARY

Thomas's Motion to Alter and Amend Judgment [DE-196] is DENIED; As-Sadiq's and Thomas's Joint Motion for Disclosure [DE-198] is DENIED; the Government's Motion to Dismiss Motion for Disclosure [DE-199] is ALLOWED; and As-Sadiq's and Thomas's Joint Motion for Hearing [DE-200] is DENIED.

This is a final order.

SO ORDERED.

This the 8th day of November, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

6